1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY DILL,

11              Plaintiff,                    No. CIV S-09-0887 EFB P

12        vs.

13   J. POTTS, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff is confined in a county jail and is proceeding without counsel in an action

17   brought under 42 U.S.C. §1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. §

18   1915(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21        Plaintiff must pay the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff

22   must make monthly payments of 20 percent of the preceding month's income credited to his trust

23   account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward

24   payments from plaintiff's account to the Clerk of the Court each time the amount in the account

25   exceeds $10 until the filing fee is paid.

26   ////

1

1    The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

2    screening, finds that it states cognizable Fourth Amendment claims of excessive force against

3    defendants Potts, Greenberg, Iacono, Jensen, and Whitney.  *See* 28 U.S.C. § 1915A.  The

4    complaint does not state any other cognizable claims against these defendants, nor does it state a

5    cognizable claim against defendants Badoua, Rodriguez or Yates.

6    The Civil Rights Act under which this action was filed provides:

7    Every person who, under color of [state law] . . . subjects, or causes to be
     subjected, any citizen of the United States . . . to the deprivation of any rights,
8    privileges, or immunities secured by the Constitution . . . shall be liable to the
     party injured in an action at law, suit in equity, or other proper proceeding for
9    redress . . . .

10   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

11   establish the defendant's personal involvement in the constitutional deprivation or a causal

12   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

13   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

14   (9th Cir. 1978).  Plaintiff may not sue any supervisor on a theory that the supervisor is liable for

15   the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  A

16   supervisor may be held liable in his or her individual capacity "'for his own culpable action or

17   inaction in the training, supervision or control of his subordinates.'"  *Watkins v. City of Oakland,*

18   *Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630,

19   646 (9th Cir. 1991)).  To state a claim against any individual defendant, the plaintiff must allege

20   facts showing that the individual defendant participated in or directed the alleged violation, or

21   knew of the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193,

22   1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not

23   simply conclusions, that show that an individual was personally involved in the deprivation of

24   his civil rights."); *Taylor*, 880 F.2d at 1045.

25   Plaintiff alleges that defendants Potts, Greenberg, Iacono, Jensen, and Whitney used

26   excessive force against him on March 6, 2009, when he was surrendering to the police.  Plaintiff

2

1   also alleges that these defendants robbed plaintiff of his money and "entered the residence

2   unannounced as well!"  Compl. ¶ IV.

3          Plaintiff does not include any allegations against defendants Badoua, Rodriguez or Yates.

4   Since plaintiff fails to link defendants Badoua, Rodriguez or Yates to any act or omission that

5   would indicate a deprivation of plaintiff's federal rights, plaintiff fails to state a section 1983

6   claim against them.

7          To the extent plaintiff intends to state a claim in addition to his excessive force claim,

8   against defendants Potts, Greenberg, Iacono, Jensen, and Whitney, he fails to do so.  An

9   unauthorized taking of property does not violate the due process clause of the Fourteenth

10  Amendment when, as here, state law provides an adequate post deprivation remedy.  *Hudson v.*

11  *Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)

12  (holding that Cal. Gov't Code § 810 provides such a remedy).  Therefore, plaintiff's allegations

13  of being "robbed" do not state a cognizable claim.  Additionally, plaintiff's allegation that

14  defendants entered "the residence" unannounced, fails to state a claim.  While the Fourth

15  Amendment proscribes "unreasonable searches and seizures," U.S. Const. amend. IV, plaintiff's

16  allegations do not suggest that defendants' entry into the residence was unreasonable.  *See*

17  *Hudson v. Michigan*, 547 U.S. 586, 597-98 (2006) (proper remedy for a failure to knock and

18  announce is a section 1983 action); *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995)

19  (knock-and-announce principle is part of Fourth Amendment reasonableness inquiry).  Nor does

20  plaintiff suggest he had a reasonable expectation of privacy in the residence, as he does not

21  allege that the residence was his or that he had joint control and supervision of it.  *See United*

22  *States v. Broadhurst*, 805 F.2d 849, 851-52 (9th Cir. 1986).

23         Therefore, plaintiff may proceed forthwith to serve defendants Potts, Greenberg, Iacono,

24  Jensen, and Whitney and pursue his excessive force claims against these defendants only.

25  Alternatively, plaintiff may delay serving any defendant and attempt to state additional

26  cognizable claims against Potts, Greenberg, Iacono, Jensen, and Whitney, and/or cognizable

claims against defendants Badoua, Rodriguez or Yates.

If plaintiff elects to attempt to amend his complaint to state additional cognizable claims and/or add defendants, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against defendants Potts, Greenberg, Iacono, Jensen, and Whitney, against whom he has stated a cognizable claim of excessive force, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal without prejudice of all remaining claims against defendants Potts, Greenberg, Iacono, Jensen, and Whitney as well as plaintiff's claims against defendants Badoua, Rodriguez or Yates.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his excessive force claims against defendants Potts, Greenberg, Iacono, Jensen, and Whitney.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the Solano County Sheriff's Office filed concurrently herewith.

3.  With the exception of the excessive force claims, all claims against defendants Potts, Greenberg, Iacono, Jensen, and Whitney, as well as plaintiff's claims against defendants Badoua, Rodriguez or Yates, are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.

1   Plaintiff is not obliged to amend his complaint.

2          4.  The allegations in the pleading are sufficient at least to state cognizable excessive

3   force claims against defendants Potts, Greenberg, Iacono, Jensen, and Whitney.  *See* 28 U.S.C.

4   § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

5   copy of the pleading filed April 1, 2009, five USM-285 forms and instructions for service of

6   process on defendants Potts, Greenberg, Iacono, Jensen, and Whitney.  Within 20 days of service

7   of this order plaintiff may return the attached Notice of Submission of Documents with the

8   completed summons, the completed USM-285 forms, and six copies of the April 1, 2009

9   complaint.  The court will transmit them to the United States Marshal for service of process

10  pursuant to Fed. R. Civ. P. 4.  Defendants Potts, Greenberg, Iacono, Jensen, and Whitney will be

11  required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

12  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

13  to an order dismissing, without prejudice, his defective claims as summarized in paragraph three

14  of this order.

15  Dated:  September 2, 2009.

16                                          EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10   ANTHONY DILL,
11            Plaintiff,                    No. CIV S-09-887 EFB P
12        vs.
13   J. POTTS, et al.,
14            Defendants.                   NOTICE OF SUBMISSION OF DOCUMENTS
15   _____/
16        Plaintiff hereby submits the following documents in compliance with the court's order
17   filed _____:
18            __1__        completed summons form
19            __5__        completed forms USM-285
20            __6__        copies of the April 1, 2009 Complaint
21
22   Dated:
23                                    _____
24                                              Plaintiff
25
26
                                     8